**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Michael J. Baytosh, SBN 176189
Jason G. Pope, SBN 239387
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
REGENTS OF THE UNIVERSITY OF CALIFORNIA
(erroneously sued as University of California Davis)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. PITTSENBARGER,<br><br>　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CALIFORNIA DAVIS,<br><br>　　Defendant.<br>_____/ | CASE NO. C 07 3505 JL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C § 1404(a)**<br><br>DATE:　　October 24, 2007<br>TIME:　　9:30 AM<br>CRTRM:　F<br><br>Complaint Filed: 07/5/07 |

Defendant, REGENTS OF THE UNIVERSITY OF CALIFORNIA ("REGENTS"), erroneously sued as the University of California Davis, submits its Memorandum of Points and Authorities in Support of its Motion to Transfer Venue pursuant to 28 U.S.C § 1404(a).

**I.**

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff JERRY A. PITTSENBARGER was employed by the University of California, Davis stationed at the formerly titled California Department of Health Services in Sacramento,

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO TRANSFER VENUE
{00527588.DOC}　　　　　　　　　　　　　　　　　　　　　Pittsenbarger v. Regents, C 07 3505 JL

California. (Declaration of Jesse Szeto at ¶ 2). She sought employment with the REGENTS for a position of Emergency Planner at the UC Davis campus in summer 2004. (Szeto Decl. ¶3). She was interviewed in Sacramento in August 2004 and hired by Jesse J.K. Szeto. *Id.* She commenced work in September 2004 as an Emergency Planner, and resigned her employment effective December 7, 2006. *Id.*

Plaintiff now alleges claims of sex discrimination and equal pay discrimination based upon Title VII of the Civil Rights Act of 1964. In pursuit of these claims, Plaintiff filed this suit in the Northern District of California. Despite conversations with Plaintiff which indicated a desire to pursue this case in the district where Sacramento and UC Davis were located, she would not stipulate to a change of venue to the appropriate court, the Eastern District of California. (Declaration of Jason Pope at ¶¶ 4-7). As a result, the REGENTS now move the court for a change of venue for the convenience of the parties, witnesses, and in the interests of justice.

## II.

### THE CONVENIENCE OF THE PARTIES, WITNESSES AND THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF TRANSFERRING THIS CASE TO THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a).

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964. *See* Plaintiff's Complaint, Paragraph 3. Title VII cases have a special venue section under 42 U.S.C. § 2000e-5(f)(3). That section provides that venue is authorized:

> "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."

Even where an appropriate venue has been chosen, 42 U.S.C. § 2000e-5(f)(3) "does not prohibit transfers away from a plaintiff's chosen forum." *Ellis v. Costco Wholesale Corp.*, 372 F.Supp. 2d 530, 538 (N.D. Cal. 2005). Transfers of Title VII cases are controlled by the long standing public and private factors of 28 U.S.C. Section 1404(a). *Id.* at 537. To that end, 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "While plaintiff's choice of forum should not be easily overturned, where as here, the choice of forum is not exclusively the place where the cause of action arose, the plaintiff's choice of forum is only given consideration equal to other factors." *Bumgarner v. Japan Airlines Comp.*, 1992 U.S. Dist. LEXIS 15109, 10-11 (N.D. Cal 1992).

### A. The Motion is Timely

A transfer under Section 1404(a) may be made at anytime. *Silver Valley Partners, LLC v. Ray De Motte*, 2006 U.S. Dist. 67745, 16 (W.D. Wash. 2006). The Court may grant the motion unless "(1) the delay would cause undue prejudice to the plaintiff; (2) the delay would substantially increase the expense of the litigation; or (3) the late motion is brought merely as a dilatory practice." *Id.*

Here, all of these factors indicate that the Section 1404(a) transfer motion should be granted. First, this motion has been filed within approximately six weeks of service of the Complaint and Summons. After discussions with Plaintiff proved unavailing regarding a transfer of venue, the REGENTS began preparation of this motion. (Pope Decl., ¶¶ 6-7). There was no delay in the filing of the motion that could be deemed "dilatory." Second, as the motion has been filed prior to the initial CMC conference and any ADR deadlines, there is no undue prejudice to the Plaintiff. No dates including a trial date have been set which would cause prejudice to the Plaintiff. *See Silver Valley Partners, LLC v. Ray De Motte*, 2006 U.S. Dist. at 16. Finally, there

would be no substantial increase in litigation costs by transferring this case to the Eastern District. Therefore, the Court may grant the transfer as requested.

### B. The Public and Private Factors Weigh In Favor of the Transfer

Under Section 1404(a) there are three factors the court considers in determining whether a case should be transferred including: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. *Lynch v. Alaska Tanker Co.*, 2004 U.S. Dist. 22930, 7 (N.D. Cal. 2004). Other courts have expanded these factors to include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance unwilling non-party witnesses; and (8) the ease of access to sources of proof. *See Cartwright v. Regents of the University of California*, 2006 U.S. Dist. LEXIS 1361, 3-4 (N.D. Cal. 2006). None of these factors weigh in favor of keeping the case in the Northern District, and most of the factors weigh in favor of the transfer.

#### 1) Both Plaintiff's and Defendant's Contacts are With the Eastern District, not the Northern District

In *Cartwright*, a plaintiff filed suit in the Northern District of California based on employment law claims that occurred allegedly at the University of California Davis. *Cartwright v. Regents of the University of California*, 2006 U.S. Dist. LEXIS 1361, 1-2 (N.D. Cal. 2006). Plaintiff was a resident of Yolo County before she moved to Montana. *Id.* at 4. The court stated that plaintiff had no meaningful contacts with the Northern District, and that the only contact was that her counsel was located there. *Id.*

Similarly, Plaintiff has no meaningful contacts with the Northern District. She was

employed by the REGENTS at the UC Davis Campus and was stationed at the formerly titled California Department of Health Services in Sacramento. (Szeto Decl., ¶ 2). For the duration of her employment, she lived in the City of Elk Grove which is located in Sacramento County. (Szeto Decl., ¶ 3). She currently resides in Hendersonville, Tennessee. (Plaintiff's Complaint at ¶ 1). The REGENTS, on the other hand, is a statewide educational institution with facilities throughout the state of California. (Szeto Decl., ¶ 2). However, the operative meaningful contacts involved in Plaintiff's Complaint occurred entirely in the Eastern District. Applications were solicited to Davis, interviews occurred in Davis, Plaintiff was hired in Davis, her alleged discussions concerning equal pay occurred there, her resignation occurred in the Eastern District, and had she remained employed with the REGENTS she would have been employed in the Eastern District. (Szeto Decl., ¶ 3). Conversely, Plaintiff's only contact with the Northern District was her erroneous determination that Sacramento and Davis were in the Northern District and not the Eastern District. This is certainly not meaningful contact, just as in *Cartwright*. As a result, this factor weighs heavily in favor of a transfer.

### 2) Plaintiff Erroneously Chose the Northern District Rather Than the Eastern District

"[W]here the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight." *Lynch v. Alaska Tanker Co.*, 2004 U.S. Dist. LEXIS 22930, 12 (N.D. Cal. 2004).

First, just as stated in *Lynch* and argued above, there are no significant contacts connecting Plaintiff's allegations with the Northern District. The only possible connection is that the REGENTS conduct other "business" in that region. (Szeto Decl. ¶ 2). These are not material or "relevant connections," and Plaintiff's decision for the Northern District should be given considerably less weight. *Lynch v. Alaska Tanker Co.*, 2004 U.S. Dist. LEXIS. at 12-13.

Furthermore, Plaintiff's choice of venue in the Northern District was discussed during the meet and confer process. (Pope Decl., ¶¶ 4-7). At that time, Plaintiff indicated she was told Sacramento and UC Davis were in the Northern District as that was where she worked. *Id.* When it was discussed with her that Sacramento and UC Davis were in the Eastern District, she indicated she was caught unaware and that she had merely been told this information. *Id.* As a result, Plaintiff's decision to file in the Northern District as opposed to the Eastern District should not be given great deference, and it does not weigh in favor of keeping the case in the Northern District. Plaintiff's decision to file in the Northern District rather should be deemed a decision to file in the District where Sacramento and Davis are located. Since that is the Eastern District and not the Northern District, this factor weighs in the favor of the transfer.

### 3) The Agreements Were Negotiated and Executed in the Eastern District

Plaintiff entered into employment agreements in the Eastern District on two occasions. (Szeto Decl., ¶ 3). She first entered into a year-long contract which was negotiated, executed and delivered in Davis. *Id.* Plaintiff interviewed for the first employment contract in Davis. *Id.* She was subsequently employed pursuant to a second contract which was also negotiated, executed and delivered in Davis. *Id.* As a result, all of the agreements for which Plaintiff would base her causes of action for sex discrimination and for unequal pay were signed or executed in the Eastern District, not the Northern District. Therefore, this factor weighs in favor of a transfer.

### 4) All the Records Which are Necessary for Proving and Defending the Case Are Located in the Eastern District

All relevant documents necessary to prove this case are located in the Eastern District. (*See* Szeto Decl., ¶ 4). While the Defendant is a statewide entity which does "business" in the Northern District, Plaintiff was hired and worked in the Eastern District. She was employed by the REGENTS at the UC Davis campus in Davis and stationed at the formerly titled California

Department of Health Services in Sacramento. All documents that would be needed to prove these claims are located in Davis or in Sacramento, not in the Northern District. It certainly would be "inconvenient" to defend this suit in the Northern District. *Lynch v. Laska Tanker Co.* 2004 U.S. Dist. LEXIS 22930, 9 (ND Cal 2004). Specifically, personnel files, copies of payroll information, correspondence between Plaintiff and the REGENTS, and related materials are all located in the Eastern District on either the UC Davis campus or in Sacramento at the California Department of Health Services. (*See* Szeto Decl., ¶ 4). Therefore, this factor weighs in favor of a transfer.

### 5) The Convenience of the Witnesses Weighs in Favor of the Transfer to the Eastern District

Plaintiff was employed in the Eastern District and all relevant witnesses including her supervisor, interviewer, co-workers, etc., were and/or are currently located in the Eastern District. (*See* Szeto Decl., ¶ 4). Asking witnesses to litigate the action in the Northern District may adversely affect their ability to carry out daily work and to meet with representatives in Sacramento and Davis. (*See* Szeto Decl., ¶ 4). Litigating this case in the Eastern District would be a much more convenient forum for witnesses. *See Lynch v. Laska Tanker Co.*, 2004 U.S. Dist. 22930, 10 (N.D. Cal. 2004). Litigating this case in the Northern District would require "travel and expense for parties and non-parties alike." *Cartwright v. Regents of the University of California*, 2006 U.S. Dist. LEXIS 1361, 4 (N.D. Cal. 2006). Plaintiff currently resides in Tennessee. (Plaintiff's Complaint at ¶ 1). The difference in travel to litigate this case for Plaintiff in the Eastern District versus the Northern District is not believed significant. However, the travel of all the relevant and necessary witnesses from Sacramento and Davis to the Northern District would be very inconvenient. (*See* Szeto Decl., ¶ 4). Therefore, this factor weighs in favor of the transfer.

///

///

## CONCLUSION

This court should grant Defendant's Motion for Transfer of Venue pursuant to Section 1404(a). Foremost, this motion is timely as very little time has passed since filing an answer and Plaintiff will suffer no prejudice. Moreover, Plaintiff's choice of the Northern District should not be given deference, and Plaintiff did not knowingly choose the Northern District over the Eastern District. The convenience of the witnesses weighs in favor of transferring venue to the Eastern District as the witnesses were or are likely located there. The documents necessary to prove and/or disprove the case are located in the Eastern District. The alleged events in Plaintiff's Complaint all occurred in the Eastern District. Finally, all of the meaningful contacts were within the Eastern District and not the Northern District. Therefore, the REGENTS respectfully requests the Court transfer the case to the Eastern District of California.

Dated: September 19, 2007

Respectfully Submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By _____
Michael J. Baytosh
Jason G. Pope

| | |
|---|---|
| CASE NAME: | *Pittenbarger v. University of California Davis* |
| CASE NO.: | United States District Court Case No. C 07 3505 JL |

### DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Sacramento County, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is P.O. Box 255428, 350 University Avenue, Suite 200, Sacramento, California 95865.

On **September 19, 2007**, I served the following:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

| | |
|---|---|
| X | **BY MAIL.** I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business.<br>❑ **Certified Mail/Return Receipt Requested, Article #** |
| | **BY PERSONAL SERVICE.** I caused such document(s) to be delivered by hand to the office of the person(s) listed above. |
| | **BY OVERNIGHT DELIVERY.** I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below. |
| | **BY FACSIMILE.** I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below. The transmission was reported as completed and without error. A copy of the transmission report is attached. The transmission report was properly issued by the transmitting facsimile machine. |

Jerry Pittsenbarger
106 Edgewater Court
Hendersonville, TN 37075

Plaintiff in Pro Per

| | |
|---|---|
| X | **Federal:** I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I hereby certify under the penalty of perjury that the foregoing is true and correct. |

Executed on **September 19, 2007**, at Sacramento, California.

_____
Penny Adams

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com