**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Michael J. Baytosh, SBN 176189
Jason G. Pope SBN 239387
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
REGENTS OF THE UNIVERSITY OF CALIFORNIA
(erroneously sued as University of California Davis)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. PITTSENBARGER,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF CALIFORNIA DAVIS,<br><br>Defendant.<br>_____/ | CASE NO. C 07 3505 CRB<br><br>**THE REGENTS' CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Complaint Filed: 07/5/07 |

1. **JURISDICTION AND SERVICE**

Plaintiff, *in propria persona*, filed this claim based on Title VII of the Civil Rights Act of 1964 for Employment Discrimination. Jurisdiction is based on 42 U.S.C. Section 2000e-5. Both sides agree that jurisdiction is proper in this Court. All parties have been served. The REGENTS, however, asserts that, in the interests of justice and for the convenience of the witnesses, venue is proper in the Eastern District of California. A motion to transfer venue is currently calendared for November 9, 2007 at 10:00am.

/ / /

/ / /

/ / /

1
THE REGENTS' CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
{00532108.DOC}    Pittsenbarger v. Regents, C 07 3505 CRB

## 2. FACTS

**Defendant's Description**

Plaintiff was employed with the University of California Davis as an Emergency Planner Analyst VI. She was stationed at the California Department of Health Services located in Sacramento. She was the fourth person hired for the position. One woman and two men were hired as Emergency Planner Analysts VI in or about the same month as Plaintiff. The position had extensive specialized knowledge requirements, and additional non-specialized requirements. Each employee was hired under a contract with a term of one year.

Based upon her training and qualifications as they related to the position requirements, the REGENTS offered Plaintiff the mid-range of the salary scale available for the position. The second female hired also had limited experience in skills and knowledge for the position, and was offered the midpoint of the salary scale. In contrast, the two males hired for the position had extensive experience under the specialized knowledge requirement. Further, these males were paid significantly more in their prior employment than the females requiring additional pay to recruit for employment.

In Summer 2005, near the end of the first contract term, Plaintiff made a demand for equal pay. The REGENTS denied Plaintiff's demand and, subsequently, Plaintiff signed another one-year contract. Soon thereafter, Plaintiff commenced an internal grievance process which was denied. Plaintiff tendered her resignation, and her last day of employment was December 9, 2005. Plaintiff subsequently filed a complaint with the EEOC on or around March 20, 2006. She was issued a right-to-sue notice dated May 16, 2007. Plaintiff has now brought this civil action for Employment Discrimination under Title VII.

## 3. FACTUAL AND LEGAL ISSUES IN DISPUTE

**Defendant's Position**

a. Whether Plaintiff did equal work based on "equal skill, effort, and responsibility" similar to the men. *Foster v. Arcata Associates, Inc.*, 772 F.2d 1453, 1465-66 (9th Cir. 1985).

b. Whether Plaintiff was qualified equal to her male counterparts.

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

c.  Whether Defendant made its decision to pay Plaintiff and the men differently on the basis of gender discrimination rather than for some other reason. *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir. 1986); *see also Kouba v. Allstate Insurance Company*, 691 F.2d 873 (9th Cir. 1982).

### 4. MOTIONS

**Defendant's Position**

Defendant has filed a Motion for Transfer of Venue. The hearing is currently calendared for November 9, 2007, at 10:00am. All parties have been served. Defendant also anticipates filing a Motion for Summary Judgment when necessary discovery has been completed.

### 5. AMENDMENT OF PLEADINGS

**Defendant's Position**

Defendant is uncertain at this time whether it will file a counter claim. Defendant proposes the following date as the deadline to file any and all amended pleadings and counter claims by December 31, 2007.

### 6. EVIDENCE PRESERVATION

**Defendant's Position**

The REGENTS has taken steps to preserve any and all documents or data that might be relevant to this case.

### 7. DISCLOSURES

**Defendant's Position**

The REGENTS will serve its disclosures on October 3, 2007 or as soon thereafter as is possible. The REGENTS provided all known information concerning individuals who may have information related to Plaintiff's allegations. In addition, the REGENTS provided documents which, at this initial stage, it believes supports its defenses.

### 8. DISCOVERY TO DATE AND SCHEDULING

**Defendant's Position**

The REGENTS has conducted no discovery to date. The REGENTS anticipates deposing up to 10 witnesses, including Plaintiff. The REGENTS also expects to propound interrogatories

and requests for production of documents of Plaintiff. The REGENTS anticipate that 25 interrogatories will be sufficient. The REGENTS submits the following Proposed Discovery Schedule:

| | | |
|---|---|---|
| a. | Plaintiff's disclosure of Experts: | June 30, 2008 |
| b. | Defendant's disclosure of experts: | July 14, 2008 |
| c. | Disclosure of rebuttal experts: | July 28, 2008 |
| d. | Discovery Cut-Off: | October 16, 2008 |

## 9. CLASS ACTIONS

Not applicable.

## 10. RELATED CASES

There are currently no related cases.

## 11. RELIEF

**Defendant's Position**

Plaintiff seeks injunctive relief, damages, costs, and attorney's fees. In the event that liability is established, the REGENTS contends that damages would be lost wages in comparison to the male counterparts during the time Plaintiff was employed with the REGENTS.

## 12. SETTLEMENT AND ADR

**Defendant's Position**

Defendant is optimistic regarding settlement. The REGENTS and Plaintiff discussed settlement and possible methods but were unable to reach a mutual decision. Due to concerns regarding the appropriate settlement procedure and method between the pro se Plaintiff and the REGENTS, an ADR phone conference has been requested. No date has yet been set for the phone conference or any possible method for settlement been determined. The REGENTS anticipates that it will not require any discovery prior to ADR. The REGENTS however, does anticipate a ruling on its Motion for a Transfer of Venue before undertaking any ADR process in the Northern District.

/ / /

/ / /

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

**Defendant's Position**

This case has been reassigned to The Honorable Charles R. Breyer, Judge of the United States District Court. The REGENTS does not consent to a magistrate judge conducting trial and entry of judgment.

**14.   OTHER REFERENCES**

**Defendant's Position**

The REGENTS does not believe that this case would be suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

**Defendant's Position**

The REGENTS does not believe that any issues can be narrowed by agreement or by motion, or that there are any methods that can be used to expedite the presentation of evidence at trial. The REGENTS also makes no request to bifurcate any issues, claims, or defenses at this juncture.

**16.   EXPEDITED SCHEDULE**

**Defendant's Position**

The REGENTS does not believe that this case can be handled on an expedited basis with streamlined procedures.

**17.   SCHEDULING**

**Defendant's Position**

| | | |
|---|---|---|
| a. | Filing of dispositive motions: | November 28, 2008 |
| b. | Final pretrial conference: | March 2, 2009 |
| c. | Trial | June 1, 2009 |

**18.   TRIAL SCHEDULE**

**Defendant's Position**

The REGENTS anticipate trial by jury will consume 10 court days.

/ / /

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Defendant's Position**

This rule is inapplicable to The REGENTS OF THE UNIVERSITY OF CALIFORNIA as a governmental entity.

20. **OTHER MATTERS**

**Defendant's Position**

The action should be transferred to the USDC in Sacramento, California.

Dated: October 3, 2007                    Respectfully Submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By _____
Michael J. Baytosh
Jason G. Pope, Attorneys for The REGENTS
OF THE UNIVERSITY OF California

**IT IS SO ORDERED**.

Dated: October 3, 2007

By _____
THE HONORABLE JAMES LARSON
Magistrate Judge of the U.S. District Court

CASE NAME: *Pittenbarger v. University of California Davis*
CASE NO.: United States District Court Case No. C 07 3505 CRB

### DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Sacramento County, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is P.O. Box 255428, 350 University Avenue, Suite 200, Sacramento, California 95865.

On **October 3, 2007**, I served the following:

**THE REGENTS' CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

| | | |
|---|---|---|
| X | **BY MAIL.** | I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business.<br>❏ **Certified Mail/Return Receipt Requested, Article #** |
| | **BY PERSONAL SERVICE.** | I caused such document(s) to be delivered by hand to the office of the person(s) listed above. |
| | **BY OVERNIGHT DELIVERY.** | I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below. |
| | **BY FACSIMILE.** | I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below. The transmission was reported as completed and without error. A copy of the transmission report is attached. The transmission report was properly issued by the transmitting facsimile machine. |

Jerry Pittsenbarger
106 Edgewater Court
Hendersonville, TN 37075

Plaintiff in Pro Per

| | | |
|---|---|---|
| X | **Federal:** | I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I hereby certify under the penalty of perjury that the foregoing is true and correct. |

Executed on **October 3, 2007**, at Sacramento, California.

Penny Adams

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL.: 916.929.1481
FAX: 916.927.3706
www.porterscott.com